UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #:

PENN-AMERICA INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,

vs.

PAVILLION FOODS, INC. d/b/a PALM SUPPLY,
And JEANNINE MALLARD,

    Defendants.
_____/

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, PENN-AMERICA INSURANCE COMPANY, ("PAIC"), through its undersigned counsel, sues Defendants, PAVILLION FOODS, INC. d/b/a PALM SUPPLY, ("PALM"), and JEANNINE MALLARD, ("MALLARD"), for declaratory relief and alleges as follows:

**Nature of Suit**

1. In this action, PAIC seeks a declaration that no coverage is afforded under PAIC's commercial general liability insurance policies for claims which have been asserted by Defendant, MALLARD, against Defendant, PALM, in an underlying personal injury action and that PAIC has no duty to defend or indemnify PALM in that action. PAIC also seeks a determination that the policies it issued to PALM are void because of PALM's material misrepresentations on its applications.

2. This judgment is requested to determine an actual controversy between the parties regarding insurance coverage for PALM for the claims asserted by MALLARD.

## Jurisdiction and Venue

3. This is an action for declaratory relief pursuant to 28 U.S.C. Section 2201.

4. This Court has jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1) based on the diversity of the citizenship of the parties and the provisions of the Federal Declaratory Judgment Act to declare the rights and obligations of the parties under a liability insurance policy.

5. The amount in controversy is in excess of this Court's minimum jurisdictional amount of $75,000, exclusive of interest, costs and attorneys' fees. Specifically, in the underlying action, MALLARD seeks damages for total loss of vision in her right eye and partial loss of vision in her left eye.

6. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. Sections 1391(a) and 1391(c), because the underlying lawsuit which gives rise to the present claim for declaratory relief is pending in this district.

7. All conditions precedent to the filing of this action have occurred or have been complied with.

## The Parties

8. Plaintiff, PAIC, is a Pennsylvania corporation, in good standing, with its principal place of business in Bala Cynwyd, Pennsylvania. Therefore, PAIC is a citizen of Pennsylvania.

9. PAIC is authorized to conduct business as a surplus lines insurer in the State of Florida.

10. Defendant, PALM is a Florida corporation with its principal place of business in Holiday, Pasco County, Florida. Therefore, PALM is a citizen of Florida.

11. Defendant, MALLARD, is a resident of France. Upon information and belief,

MALLARD is a citizen of France.

12. MALLARD is named as a defendant in this action only to the extent that she is considered a necessary or potentially interested party. PAIC seeks no relief from MALLARD other than to bind her to the outcome of this coverage dispute. In the event that MALLARD is willing to stipulate that she will be bound by this Court's judgment, PAIC will voluntarily dismiss MALLARD from this action.

### Underlying *Mallard* Action

13. On or about June 28, 2018, MALLARD filed a Second Amended Complaint in an action styled *Jeannine Mallard v. U.S. Stem Cell, Inc. f/k/a Bioheart, Inc., et al.*, Case Number CACE 17022427. (*Mallard* action). The *Mallard* action is presently pending in the Circuit Court for Broward County, Florida. A copy of the operative Second Amended Complaint from the *Mallard* action is attached hereto as **Exhibit "A."**

14. PALM, along with Defendants, U.S. Stem Cell, Inc., US Stem Cell Clinic, LLC, Regenestem, LLC, Regenestem Network, LLC, Global Stem Cells Group, Inc., Stem Cell Training, Inc., Pavillion Scientific, Inc., and Kristin Comella, are jointly referred to throughout the *Mallard* complaint as the "U.S. Stem Cell Defendants."

15. It is alleged that the *Mallard* action "*arises out of negligent preoperative clearance of the Plaintiff by the defendants and the subsequent provision of 'stem cell' therapy to Plaintiff, and for the related medical malpractice*" and that "*Defendants negligently allowed the Plaintiff to participate in and be subjected to a so-called clinical trial wherein a 'stem cell' medical product was injected directly into Plaintiff's eyes, causing her to suffer permanent blindness*." (**Exhibit "A", Par. 1**)

16. The *Mallard* complaint contains the following allegations with respect to the U.S. Stem Cell Defendants, including PALM:

3

16. Defendants, U.S. Stem Cell, Inc., US Stem Cell Clinic, LLC, Regenestem, LLC, Regenestem Network, LLC, Global Stem Cells Group, Inc., Stem Cell Training, Inc., Pavillion Foods, Inc., and Pavillion Scientific, Inc., together owned and operated a stem cell therapy business in Sunrise, Florida…

19. [The U.S. Stem Cell Defendants] jointly operated at all relevant times a "stem cell" therapy business, formerly known as "Biohart," which they advertised as providing research and clinical trials.

20. The U.S. Stem Cell Defendants administered their stem cell services and operated their business out of a clinic called "U.S. Stem Cell Clinic" located… in Sunrise, Florida.

26. The U.S. Stem Cell Defendants developed, designed, tested, manufactured, inspected, distributed, marketed, promoted, sold, supplied, used and otherwise released into the stream of commerce the product at issue in this case, administered their stem cell services and operated their business out of a clinic called "U.S. Stem Cell Clinic" located… in Sunrise, Florida.

27. … the U.S. Stem Cell Defendants developed, and used a medical kit known as a stem cell extraction and stomal vascular fraction ("SVF") processing kit.

32. The U.S. Stem Cell Defendants manufactured the kits partly or entirely at the business premises of Palm Supply. Defendant, Palm Supply, is a company owned and operated by members of Defendant Comella's immediate family and in the business of supplying janitorial and cleaning supplies such as paper, floor care products, carpet care products, bags and can liners, waste receptacles, mops, brooms and brushes. The business premises of Palm Supply lacked the necessary controls, policies, procedures, and protocols to ensure the quality, efficacy, sterility and integrity of the kits and their component devices…

36. The U.S. Stem Cell Defendants claimed the product, when used through injection into or behind the eyes, would stop the progression of macular degeneration, and created, designed, manufactured, distributed, sold and supplied the product for that purpose.

4

> 48. … The U.S. Stem Cell Defendants were operating a business for profit, under the guise of a clinical research trial.

17. With regards to PALM, the *Mallard* complaint alleges counts for breaches of express and implied warranty, strict liability, product liability, negligence and vicarious liability for the actions of Kristen Comella. (**Exhibit "A", Counts 58, 60, 62, 64, 66, 68, 70, 72 and 74**)

18. PAIC has agreed to defend and has been defending PALM in the *Mallard* action under a complete reservation of rights.

## PAIC's Applications and Policies

19. On or about March 5, 2014, PALM submitted an ACORD application for insurance to PAIC. ("2014 Application") A true and correct copy of the 2014 application is attached hereto as **Exhibit "B."**

20. According to the application, PALM's business was described as "selling supplies to the restaurant industry."

21. According to the application, the Schedule of Hazards listed PALM's classification as "Equipment, Fixtures or Supplies."

22. The Commercial General Liability Section of the application contained the following questions to which PALM answered "No":

> **PRODUCTS / COMPLETED OPERATIONS**
>
> *3.    Research and Development Conducted or New Products Planned?*
>
> **GENERAL INFORMATION**
>
> *16.    Has Applicant been Active in or is Currently Active in Joint Ventures?*

23. Based upon the information provided by PALM in its 2014 application, PAIC issued Policy number PAC7052286 for the policy to period of March 21, 2014 to March 21,

5

2015. ("2014-2015 policy") A true and correct copy of the 2014-2015 policy is attached as **Exhibit "C."**

24. Defendant, PALM, was listed as the only named insured on the 2014-2015 policy.

25. The 2014-2015 policy affords Commercial General Liability coverage subject to a limit of $1,000,000 per occurrence and $2,000,000 in the aggregate.

26. The 2014-2015 policy covers, in relevant part PALM's liability for "bodily injury" caused by an "occurrence."

27. Under SECTION II – WHO IS AN INSURED provision, the 2014-2015 policy contains the following limitation with regards to who qualifies as an insured:

> No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

28. On or about February 17, 2015, PALM submitted an ACORD application for insurance to PAIC. ("2015 Application") A true and correct copy of the 2015 application is attached hereto as **Exhibit "D."**

29. The 2015 application contained identical information as the 2014 application, regarding PALM's business description and classification and contained the same questions and the same answers by PALM.

30. Based upon the information provided by PALM in its 2015 application, PAIC issued Policy number PAC7084177 for the policy to period of March 21, 2015 to March 21, 2016. ("2015-2016 policy"). A true and correct copy of the 2014-2015 policy is attached as **Exhibit "E**.

31. The 2015-2016 policy affords the same coverage as the 2014-2015 policy and

contains all of the same relevant terms, conditions, exclusions and limitations.

## COUNT I
## DECLARATORY RELIEF

32. PAIC incorporates and restates the allegations stated in paragraphs 1-31 as though the same were fully set forth herein.

33. It is the position of PAIC that PALM's alleged liability to MALLARD, stems solely from PALM's participation in a joint venture known as "Biohart" with the other U.S. Stem Defendants named in the *Mallard* complaint.

34. It is the position of PAIC that PALM does not qualify as an insured under PAIC's policy for its liability stemming from the conduct of a joint venture known as "Biohart" or any other joint venture.

35. Accordingly, it is the position of PAIC that it has no duty to defend or indemnify PALM in the *Mallard* action.

36. PAIC is in doubt as to its rights, duties and obligations with regard to the subject policies of insurance.

37. An actual, present and justiciable controversy exists between PAIC and the Defendants warranting the entry of declaratory judgment by this Court.

WHEREFORE, Plaintiff, PENN-AMERICA INSURANCE COMPANY, requests a judgment pursuant to 28 U.S.C. § 2201 against Defendant, PAVILLION FOODS, INC. d/b/a PALM SUPPLY, awarding the following relief:

A. Declaring that no coverage is afforded under PAIC policy number PAC7052286 or policy number PAC7084177 for any damages claimed against PALM in the *Mallard* action;

7

    B.    Declaring that PAIC has no duty to defend or indemnify PALM in the *Mallard* action;

    C.    Such other relief allowed in law and equity, which the Court deems appropriate and just.

## COUNT II
## DECLARATORY RELIEF THAT PAIC's POLICIES ARE VOID AS A RESULT OF PALM's MATERIAL MISREPRESENTATIONS

38.    PAIC incorporates and restates the allegations stated in paragraphs 1-31 as though the same were fully set forth herein.

39.    This is a claim seeking to void PAIC's policies based upon PALM's material misrepresentations on its applications for insurance.

40.    In its applications for insurance, PALM was asked whether it engaged in any research and development or planned any new products.

41.    PALM denied that it was engaged in research and development or that it planned any new products.

42.    PALM's statements that it was not engaged in research and development or planned any new products were false and constituted material misrepresentations.

43.    It is the position of PAIC that no coverage is afforded under its policies for the claims asserted against PALM in the *Mallard* action because of material misrepresentations and that PAIC's policies should be deemed void.

44.    Accordingly, it is the position of PAIC that it has no duty to defend or indemnify PALM in the *Mallard* action.

45.    PAIC is in doubt as to its rights, duties and obligations with regard to the subject policies of insurance.

46.    An actual, present and justiciable controversy exists between PAIC and the

Defendants warranting the entry of declaratory judgment by this Court.

WHEREFORE, Plaintiff, PENN-AMERICA INSURANCE COMPANY, requests a judgment pursuant to 28 U.S.C. § 2201 against Defendant, PAVILLION FOODS, INC. d/b/a PALM SUPPLY, awarding the following relief:

A. Declaring that PALM's 2014 and 2015 applications for insurance contained material misrepresentations;

B. Declaring that no coverage is afforded under PAIC policy number PAC7052286 and policy number PAC7084177 for any damages claimed against PALM in the *Mallard* action because of material misrepresentations and declaring that such policies should be deemed void;

C. Declaring that PAIC has no duty to defend or indemnify PALM in the *Mallard* action;

D. Such other relief allowed in law and equity, which the Court deems appropriate and just.

> LITCHFIELD CAVO LLP
> *Attorneys for Penn-America Ins. Co.*
> Radice Corporate Center
> 600 Corporate Drive, Suite 600
> Fort Lauderdale, Florida 33334
> (954) 689-3000 – Office
> (954) 689-3001 – Facsimile

Dated: October 25, 2018            By: ___*Gary Khutorsky*___
                                       Gary Khutorsky, Esq. (FBN 814271)

9